United States District Court
Southern District of Texas
**ENTERED**
March 05, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CRIMINAL NO. 6:19-24** |
| | § | |
| COLEMANN DERRYBERRY, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Colemann Derryberry's Motion for Compassionate Release Pursuant to U.S.C. 3582(c)(1)(A)(i). D.E. 39.

## I. BACKGROUND

In June 2019, Defendant pled guilty to being a felon in possession of firearms. He has served roughly 23 months (48%) of his 48-month sentence and has a projected release date, after good time credit, of August 30, 2022.

Defendant previously moved the Court to reduce his sentence to time served because his underlying medical conditions (liver disease and prior bariatric surgery) make him particularly vulnerable to severe illness should he contract COVID-19 while in prison. By written Memorandum Opinion & Order entered October 6, 2020, the Court denied relief because: (1) Defendant had failed to offer medical records showing that he is exceptionally vulnerable to COVID-19; (2) the Court was without sufficient information regarding Defendant's conduct while in custody to determine whether he poses a danger to society if released; and (3) the Court was without jurisdiction to grant Defendant's motion because he had failed to comply with the exhaustion requirements under 18 U.S.C. § 3582. D.E. 36.

1

Defendant submitted a written request for compassionate release with the warden at El Reno FCI on December 21, 2020, but says he has not received a response. D.E. 39-2. He now renews his prior motion for compassionate release based on his COVID-19 concerns.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) *extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Although not dispositive, the commentary to the United States Sentencing Guidelines ('U.S.S.G.') § 1B1.13 informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

> **(A) Medical Condition of the Defendant.—**
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not

required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
(ii) The defendant is—
   (I) suffering from a serious physical or medical condition,
   (II) suffering from a serious functional or cognitive impairment, or
   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**
The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**
(i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**
As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of

3

the danger to any person or the community that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available.  *See* 18 U.S.C. §§ 3553(a)(1)-(7).

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and

4

presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (internal footnotes and citations omitted).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

Defendant is 46 years old. His medical records indicate that he had bariatric surgery in 2018. He reported in 2019 that, "other than said surgery, he is in overall good health and does not take any medications." Presentence Investigation Report, D.E. 19, ¶ 44.  According to a BOP Health Screen conducted on August 26, 2020, Defendant was diagnosed with hepatitis C in 1999, but "[h]as been symptom free up to now." D.E. 39-3, p. 24.

The CDC has not identified latent hepatitis C infection or prior bariatric surgery as medical conditions that increase or even might increase the likelihood of severe illness or death from COVID-19.[1] Defendant also "can point to no case in which a court, on account of the pandemic, has granted compassionate release to an otherwise healthy defendant with two, well-controlled, chronic medical conditions and who had completed less than half of his sentence." *United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021). "The Court cannot release every

---

1.   According to the CDC, older adults (age 65 and above) and people of any age who have certain underlying medical conditions are at higher risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (Feb. 22, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. People of any age with the following conditions *are* at increased risk of severe illness from COVID-19: Cancer, Chronic kidney disease; COPD (chronic obstructive pulmonary disease); Down Syndrome; Heart Conditions, such as heart failure, coronary artery disease, or cardiomyopathies; Immunocompromised state from solid organ transplant; Obesity; Severe Obesity; Pregnancy; Sickle cell disease; Smoking; and Type 2 diabetes mellitus. People with the following conditions *might be* at an increased risk for severe illness from COVID-19: Asthma (moderate-to-severe); Cerebrovascular disease; Cystic fibrosis; Hypertension; Immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; Neurologic conditions, such as dementia; Liver disease; Overweight; Pulmonary fibrosis; Thalassemia; and Type 1 diabetes mellitus.

prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *Koons*, 2020 WL 1940570 at *4. "General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5. Without more, Defendant cannot meet his burden of showing that extraordinary or compelling reasons warrant his release.

Finally, the Court finds that the § 3553(a) factors, as considered in the specific context of the facts of Defendant's case, do not warrant a reduction in his sentence. Specifically, releasing Defendant after he has served less than half of his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release Pursuant to U.S.C. 3582(c)(1)(A)(i) (D.E. 39) is **DENIED**.

It is so **ORDERED** this 2nd day of March, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE